UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Bianca Aguinaga | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| | § | CIVIL ACTION NO. 7:22-cv-00267 |
| Cajun Operating Company, Inc. D/B/A Church's Chicken | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **BIANCA AGUINAGA**, plaintiff, and files this First Amended Original Complaint complaining of **CAJUN OPERATING COMPANY, INC D/B/A CHURCH'S CHICKEN,** hereinafter referred to as "CHURCH'S CHICKEN", Defendant, and for cause of action shows:

**1.   DISCOVERY CONTROL PLAN**

Plaintiff intends to proceed under Joint Discovery Control Plan.

**2.   PARTIES**

Plaintiff is an individual who resides in Hidalgo County, Texas.

Defendant is a company which is duly licensed in the State of Texas, and doing business in Hidalgo County, Texas at the time of the incident made the subject of this lawsuit. Defendant has made an appearance herein and is represent by:

   Mr. Rick Zuniga/Ms. Susan Sullivan
   ATLAS, HALL & RODRIGUEZ, LLP
   818 W. Pecan Blvd
   McAllen, Texas 78501

**3.  JURISDICTION**

This court does not have jurisdiction over the controversy because the Plaintiff does not seek to recover more than $75,000 in damages from Defendant, exclusive of interest and costs.

**4.  VENUE**

Venue is proper in Hidalgo County, Texas because the incident made the basis of this suit occurred in that county.

**5.  FACTS**

On or about April 13, 2022, BIANCA AGUINAGA was visiting CHURCH'S CHICKEN located at 130 E. Edinburg Ave., Elsa, Texas 78543 when she went into the restroom, without knowing, sat on the broken toilet seat. Due to the broken toilet seat, Ms. Aguinaga slipped to her right side and injured her head, neck, back, hip, and left knee.

Plaintiff's pain is and continues to be sharp, constant and severe.  The effect of her injuries is permanent in nature, and in reasonable probability, Plaintiff will suffer for a long time into the future if not for the balance of her natural life.

**6.  NEGLIGENCE**

At all times herein, Defendant owned the property located on at 130 E. Edinburg Ave., Elsa, Texas 78543.  At all times mentioned herein, Defendant, **CHURCH'S CHICKEN,** owed certain duties to Plaintiffs, breach of which proximately caused her injuries set forth herein.  The condition of the facilities existed despite the fact that Defendant, **CHURCH'S CHICKEN,** its agents, representatives and/or servants know or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as occurred to Plaintiff.

Further, Plaintiff would show that the dangerous condition had persisted for such a period of time that had Defendant, **CHURCH'S CHICKEN,** its agents, representatives and/or servants exercised ordinary care in the maintenance of the area, it would have been noticed and corrected by such persons.

At all times pertinent herein, Defendant, **CHURCH'S CHICKEN,** its agents, representatives and/or servants were acting in the course and scope of their employment with Defendant, **CHURCH'S CHICKEN,** were guilty of negligent conduct toward the Plaintiff in the following manner:

- In failing to properly inspect and maintain the area in question to discover the dangerous condition;

- In failing to maintain the area in a reasonably safe condition;

- In failing to give adequate warning to Plaintiff of the unsafe condition of the area; and

- In failing to discover the unsecured area in Defendant's premises within a reasonable time.

Each of the foregoing acts of negligence was a proximate cause of Plaintiffs' resulting injuries and damages.

The evidence will further show that because of Defendant's negligence, Plaintiff's resulting injuries and damages were proximately caused by some one or more, but not limited to the following acts of negligence on the part of Defendant:

- In failing to use ordinary care in supervising its employees;
- In failing to use ordinary care in training its employees on the proper manner in which to maintain Defendant's area free of unsafe conditions on its premises.

Each of the foregoing acts of negligence was a proximate cause of Plaintiff's resulting injuries and damages.

**7.     DAMAGES**

Upon trial of this case, it will be shown that Plaintiff BIANCA AGUINAGA was caused to sustain injuries and damages as a proximate result of Defendant's negligence and Plaintiff will respectfully request the Court and Jury to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.  There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for her injuries, damages, losses incurred and to be incurred.

From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

- The physical pain that Plaintiff suffered from the date of the incident in question up to the time of trial;

- The mental anguish that Plaintiff suffered from the date of the incident in question to the time of trial;

- The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the incident in question up to the time of trial; and

- The physical impairment suffered by Plaintiff from the date of the incident in question up to the time of trial.

From the time of trial of this case, the elements of damages to be considered which Plaintiff will sustain in the future beyond the trial are such of the following elements of damages as will be shown by a preponderance of the evidence upon trial of this case:

- The physical pain that Plaintiff will suffer in the future beyond the time of trial.

4

- The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

- The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial.

- The physical impairment suffered by Plaintiff in the future beyond the time of trial.

Because of all the above and foregoing, the damages sought by Plaintiff is within the jurisdictional limits of the court. **Plaintiff seeks monetary damages up to, but not more than $75,0000, exclusive of interest and costs.**

**8.   PREJUDGEMENT INTEREST**

Plaintiff seeks pre-judgment interest on the past damages found by the trier of fact.

## P R A Y E R

WHEREFORE, plaintiff prays that, on final trial, they have:

1. **Judgment against Defendant for damages up to, but not more than $75,0000, exclusive of interest and costs** in a sum in excess of the minimum jurisdictional limits of the court;

2. Pre-judgment interest;

3. Post-judgment interest;

4. Costs of suit;

5. All such other relief, at law or at equity, to which Plaintiff may show herself to be entitled.

Respectfully submitted,

LAW OFFICES OF EZEQUIEL REYNA, JR., P.C.



Ezequiel Reyna, Jr.
State Bar No. 16794798
Federal Bar No. 58290
lsmiguel@zreynalaw.com
dolivarez@zreynalaw.com
briannag@zreynalaw.com
diegoi22@zreynalaw.com
Jaime Balli
State Bar No. 01657980
Federal Bar No. 15130
jaime@zreynalaw.com
carolina@zreynalaw.com
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone / (956) 447-0668 Fax
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record listed below and by the method indicated on this 17th day of March 2023.

**Via E-Service:**
Mr. Rick A. Zuniga
Ms. Susan Sullivan
Atlas, Hall & Rodriguez, LLP
818 W. Pecan Blvd
McAllen, Texas 78501

